IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GARY GORDON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-130-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| KEVIN KEMPF,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are Petitioner's Notice of Substitution of Respondent (Docket No. 10), Amendment to Habeas Corpus Petition (Docket No. 15), Respondent's Motion to Clarify (Docket No. 16), Respondent's Motion for Summary Dismissal (Docket No. 19), and Petitioner's Motion for Appointment of Counsel (Docket No. 21). All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Having considered the record in this

---

[1] Petitioner's current warden is substituted for previous respondent "State of Idaho." *See Notice of Substitution of Respondent* (Docket No. 10).

MEMORANDUM ORDER  1

case and the written argument of the parties, the Court finds that oral argument is unnecessary. Accordingly, the Court enters the following Order conditionally granting Respondent's Motion for Summary Dismissal.

## I.

## PRELIMINARY MOTIONS

Petitioner has filed a Notice of Substitution of Respondent (Docket No. 10) to reflect that Kevin Kempf is the warden of the facility where he is incarcerated. Accordingly, the Court shall substitute Kempf for the State of Idaho as the proper respondent in this case.

Petitioner has also filed an Amendment to Petition for Writ of Habeas Corpus (Docket No. 15). Petitioner wishes to add a Fifth Amendment claim challenging the fact that he was not indicted by a grand jury. For the reasons set forth below, the Court will allow the Amendment but concludes that the claim is subject to dismissal.

Respondent's Motion to Clarify (Docket No. 16) asks the Court to review the Fifth Amendment claim before a response is required. Because Petitioner's entire case is subject to conditional dismissal on statute of limitations grounds, as set forth herein below, the Motion to Clarify is moot.

Petitioner has filed a Motion for Appointment of Counsel (Docket No. 21). There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). If an evidentiary hearing is required in a habeas case, then appointment of counsel is provided for according to Rule 8(c) of the Rules Governing

MEMORANDUM ORDER  2

Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Because Petitioner's Petition is subject to dismissal, an evidentiary hearing is not required to determine any of the issues, and appointment of counsel would not aid in the Court's determination of the issues at hand, the Motion is denied. The Court will reconsider appointment of counsel at a later date if it seems appropriate.

## II.

## MOTION FOR SUMMARY DISMISSAL

**A.    Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary

---

[2]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM ORDER  3

judgment.  *Id*.  Accordingly, the Court has taken judicial notice of those portions of the state court record lodged by the parties.

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition.  The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final.  If a petitioner does not seek review of a state district court judgment, it becomes final on the expiration of the time within which he could have filed a direct appeal, which is a time period of 42 days under Idaho Appellate Rule 14.  *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time period in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."

MEMORANDUM ORDER  4

*Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**B.      Discussion**

As a result of entering into a plea agreement, Petitioner was convicted of first degree murder in the Second Judicial District Court of the State of Idaho on August 7, 1997. Petitioner did not file a direct appeal. On May 5, 1998, he filed a state post-conviction application. On May 22, 2001, the state district court dismissed the application. *See Respondent's Lodging of State Court Record, Exhibits A-1 through B-2* (Docket No. 18).

Petitioner appealed the dismissal of his state post-conviction application to the Idaho Supreme Court, which issued an opinion affirming denial of the post-conviction application on January 22, 2003. Remittitur was issued on April 22, 2003. *See id., Exhibits B-1 through C-11.* Petitioner filed this action nearly two years later, on April 4, 2005.

Based upon the foregoing dates, the Court finds that AEDPA applies to Petitioner's filing. The Court now examines whether Petitioner met the one-year federal statute of limitations period.

Petitioner's judgment became final 42 days after it was entered by the state district court because Petitioner failed to file a direct appeal. Thus, entry of judgment was on August 7, 1997, and finality occurred 42 days later on September 18, 1997. Without any tolling, Petitioner's statute would have run on September 18, 1998.

MEMORANDUM ORDER  5

Petitioner's state post-conviction action statutorily tolled the federal statute of limitations on May 5, 1998.  At that time, 229 days of the 365-day statute of limitations period had run.  The entire period of time the action was pending was tolled, ending on April 23, 2003, when the Idaho Supreme Court issued its remittitur.  At that time, Petitioner had 136 days remaining in which to file his federal habeas action, which would have been August 29, 2003 (365 - 229 = 136).  Because Petitioner filed his federal Petition more than two years later, it is barred by the statute of limitations.  28 U.S.C. § 2244(d).

Because Petitioner's Petition was filed in a untimely manner, the Court can hear his claims only if he can establish that equitable tolling should be applied to the time period from August 29, 2003, through April 4, 2005.  In *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id*. at 1814.

The Court will provide Petitioner with a final opportunity to bring forward any facts which would support equitable tolling during the time period from August 29, 2003, through April 4, 2005.  Petitioner may file a brief, affidavits, and/or exhibits to support his position no later than November 30, 2005.  The Court does not reach Respondent's procedural default argument as a result of its conclusion that the claims are barred by the statute of limitations.

### III.

MEMORANDUM ORDER  6

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

A. Petitioner's Notice of Substitution of Respondent (Docket No. 10) is GRANTED.

B. Petitioner's Amendment to Habeas Corpus Petition (Docket No. 15) is GRANTED.

C. Respondent's Motion to Clarify (Docket No. 16) is MOOT.

D. Respondent's Motion for Summary Dismissal (Docket No. 19) is CONDITIONALLY GRANTED. Petitioner shall have until November 30, 2005, in which to file a brief, affidavits, and/or exhibits showing that equitable tolling is warranted. Respondent may file a response, if desired.

E. Petitioner's Motion for Appointment of Counsel (Docket No. 21) is DENIED.



DATED: October 14, 2005

Honorable Mikel H. Williams
United States Magistrate Judge

MEMORANDUM ORDER  7